NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER J. VERBIL, | No. 15-15337 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00661-PSG |
| v. | |
| U.S. COAST GUARD, District Eleven Commander; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted March 8, 2017[***]

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Christopher J. Verbil, a former volunteer member of the United States Coast

Guard Auxiliary, appeals pro se from the district court's summary judgment in his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Verbil's request for oral argument, set forth in his opening and reply briefs, is denied.

action challenging the Auxiliary's disenrollment decision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment and the district court's evaluation of an agency's action. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 991 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Verbil's claim under the Administrative Procedure Act because Verbil failed to raise a genuine dispute of material fact as to whether defendants lacked a reasonable basis to disenroll Verbil. *See* 5 U.S.C. § 706(2)(A) (the reviewing court must uphold an agency action unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). The Auxiliary's regulations granted the Director discretion to disenroll members for cause and did not require any particular form of an investigation.

The district court properly concluded that Verbil's due process rights were not violated because Verbil did not have a property interest in his position as a volunteer with the Auxiliary. *See* 5 U.S.C. § 706(2)(B) (the reviewing court must uphold an agency action unless it was "contrary to constitutional right, power, privilege, or immunity"); *Hyland v. Wonder*, 972 F.2d 1129, 1140-41 (9th Cir. 1992) (volunteer status does not generally amount to a constitutionally protected property interest).

The district court did not abuse its discretion in declining to consider extra-

15-15337

record evidence submitted by Verbil because, as a general rule, "courts reviewing an agency decision are limited to the administrative record," and Verbil failed to show that any of the exceptions to the rule applied. *See Lands Council v. Powell*, 395 F.3d 1019, 1029-30 & n.11 (9th Cir. 2005) (setting forth standard of review and explaining the general rule regarding the scope of review and exceptions); *San Luis & Delta-Mendota Water Auth*., 776 F.3d at 992-93 (recognizing limited exceptions for considering extra-record evidence; the party seeking to admit extra-record evidence bears the burden of demonstrating that a relevant exception applies). Contrary to Verbil's contention, the district court considered his objections to the administrative record and found them either not material to the case or not well-taken.

Verbil's request for an order requiring the Auxiliary to conduct a new investigation, set forth in the opening and reply briefs, is denied as moot.

**AFFIRMED.**